## HESS, *Plaintiff in Error*, v. MILES.

**Jury Trial in Equity Causes: PEREMPTORY INSTRUCTIONS.** In a suit for settlement of mutual accounts, since the parties are not entitled, as of course, to a jury, if one is called, the court may instruct them peremptorily what verdict they shall find.

*Error to Franklin Circuit Court.—*HON. A. J. SEAY, Judge.

AFFIRMED.

In 1873 plaintiff leased of defendant a farm stocked with milch cows, agreeing to keep the cows in good condition for one year, to ship the milk from them and the calves which they might bear to market, and to divide the proceeds of all sales equally with defendant. Afterwards, to secure the performance of said agreement and the payment of certain notes, plaintiff executed and delivered to defendant a bond in the penal sum of $1,000, and a chattel mortgage upon certain property belonging to plaintiff, conditioned upon the faithful performance of said agreement and the payment of said notes. Plaintiff took possession under the lease and shipped the milk and calves to market, defendant receiving the whole proceeds. At the expiration of the term plaintiff surrendered the premises and removed to a neighboring farm, without

coming to a settlement with defendant. Afterwards defendant went upon the premises of plaintiff, in company with a number of men, and took and carried away the property described in the chattel mortgage.

Thereupon, plaintiff filed his petition in the circuit court setting forth the above mentioned facts, alleging a performance, on his part, of the conditions of said bond and chattel mortgage, and alleging that at the time when defendant took possession of his said property, plaintiff was not indebted to him, but on the contrary, defendant was indebted to plaintiff in the sum of $1,176, as shown by an account filed with his petition, that defendant had persistently avoided a settlement or any proper adjustment of their accounts, and praying the court for an account to be taken and for a judgment for whatever sum should be found to be due to plaintiff, and for a return of said property so taken and for other and further relief.

For answer to the petition, defendant set out specifically the terms of the contract between plaintiff and himself, denied any indebtedness on his part to plaintiff, alleged that plaintiff was indebted to him, denied that plaintiff had performed the conditions mentioned in said bond, assigned several breaches specifically, and alleged that it had been agreed between plaintiff and defendant that the said bond for $1,000 should be liquidated damages; admitted that he had taken possession of the property described in the chattel mortgage, and stated that he sold the same for $375.75, which he placed as a credit on said sum of $1,000, and asked judgment for the balance.

To this answer plaintiff filed replication, denying the breaches alleged, specifically setting forth a performance of said conditions and the payment of the several sums agreed to be paid, denying the allegations of new matter set up in the answer, and especially that as to said bond being a bond for liquidated damages and stated that by reason of the seizure and subsequent sale of plaintiff's

property, he had been damaged in the sum of $2,000, for which he asked judgment.

Thereupon defendant filed motion to strike out all that part of the replication which set out a specific performance of the conditions of the bond and mortgage, the breaches of which were complained of in the answer, which motion was, by the court, sustained, and said portions of the replication were stricken out. Other facts appear in the opinion.

*T. W. B. Crews* for plaintiff in error.

*Booth & Martin* for defendant in error.

HENRY, J.—Treating this as a suit to compel the settlement of accounts between the parties, as it seems to have been regarded by the circuit court and the attorneys for the respective parties at the trial, we see no error in the rulings of the court to warrant a reversal of the judgment. Some irregularities occurred, but they did not prejudice the plaintiff's case. After hearing all the evidence the court called a jury, announcing that the balance of the case would be submitted to them. No specific issue was submitted, either verbally or in writing. The plaintiff proposed to introduce the same evidence which the court had already heard, but it was excluded, and the jury instructed by the court to find for the defendant, which they did, and judgment was accordingly rendered in his favor. If specific issues had been submitted to the jury, and they had rendered a verdict on them, the court might have disregarded the verdict in rendering a judgment, and certainly on a general, verbal submission, it is equally in the discretion of the court to disregard the verdict and render its judgment upon its own conclusion from the evidence. It is not a case in which either party is entitled to a jury, and why one was called is not apparent. The court had heard all the evidence in the case, and might just as well have decided it then without calling a jury; and if we are al-

lowed a conjecture, it is, that after the jury was called and the court ascertained that there was no other evidence to be introduced than had already been heard, he concluded very properly, that the trial by the jury would be an idle ceremony, and, therefore, instructed them to find a verdict in accordance with his own views.

The plaintiff also complains of the action of the court in striking out parts of his replication. The parts stricken out contained new matter not embraced in the petition, together with allegations substantially found in that portion of the replication which was permitted to stand. The plaintiff's petition did not, either generally or specially, aver a compliance with the conditions of the bond. The defendant's answer alleged breaches of the bond, and the court overruled the plaintiff's motion to strike out the replication as to so much as was responsive to the alleged breaches. On the issues thus formed the trial was had. The evidence was contradictory, and the finding of the court is not so manifestly against the weight of the evidence as to justify a reversal of the judgment, which is, therefore, affirmed, all concurring.